**HUDSON v. BROWN et al.**

No. 5966.

Court of Appeal of Louisiana, Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Coleman & Morgan, of Shreveport, for appellant.

Cook, Cook & Egan and Albert T. Hughes, Jr., all of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit for damages growing out of an automobile collision. He made defendants, C. A. Brown, the driver of the car, Henry Vatter Garage, Inc., the owner of the car and employer of Brown, and the New Amsterdam Casualty Company, the insurer of the car for property damage and public liability. For a cause of action he alleged:

"That on or about September 6th, 1937, at approximately 4:30 P. M., petitioner was driving his 1937 Fordor Dodge Sedan in a northerly direction on Centenary Boulevard in the City of Shreveport, Louisiana, and that when he arrived at the intersection of Lister Street he pulled over to the right or east curb for the purpose of picking up some passengers and came to a complete stop against the said curbing.

"Petitioner shows that shortly after he stopped, C. A. Brown, who was driving a Hudson Sedan belonging to the Henry Vatter Garage, Inc., and who was also proceeding in a northerly direction on Centenary Boulevard, negligently and carelessly collided with the rear of petitioner's automobile, doing damage thereto as hereinafter set out.

"Petitioner shows that the said C. A. Brown was negligent in colliding with his car for the reasons that the said Brown did not have his car under control, was not paying attention to traffic ahead of him, and was driving without his brakes being in good mechanical condition, and in driving too close in behind petitioner; petitioner further shows that he was free from any negligence whatsoever."

He prayed for damage done his car in the sum of $159.52, and for $100 for loss of use of the car for fifteen days.

Defendants, in answer, denied any negligence on the part of Brown, the driver of the defendant car, and alleged the accident was due entirely to the negligence of plaintiff, who stopped his car suddenly and without warning about six feet from the curb, directly in the path of the defendant car; that a car was coming from the opposite direction, which made it impossible for the defendant car to pass to the left of plaintiff's car; that the accident was unavoidable on the part of Brown, the driver of the defendant car, and was due solely to plaintiff's negligence.

Henry Vatter Garage, Inc., reconvened for the damage it alleged was done its car driven by Brown, in the sum of $273.75, consisting of $123.75, actual cost to repair the car, and for $150 for depreciation in its value, due to the accident.

The lower court rejected the demands of both plaintiff and defendant in reconvention, and both have perfected appeals to this court.

The accident occurred on Centenary Boulevard just north of where it intersects Lister Street, in the City of Shreveport. Both plaintiff's car and defendant's car were traveling in a northerly direction and on the right or east side of the street. The defendant's car, driven by C. A. Brown, rammed into the rear of the car owned and driven by plaintiff, at a time when plaintiff's car had come to a stop.

As plaintiff neared the intersection of Lister Street with Centenary Boulevard, he noticed two young ladies standing on the southeast corner of the intersection. He recognized one of them and decided to stop and invite them to ride into town with him, after realizing that they were waiting for an inbound trolley. He testified that he began to slow down his car. He looked into his rear view mirror and could see no other car behind him. He could only see back of him to the crest of a slight hill on Centenary Boulevard. He brought his car to a gradual stop on the right or east side of the street, a short distance north of Lister Street. The two young ladies corroborate his testimony in this respect. They testify that while he was in the act of stopping his car, that the car driven by Brown came over the crest of the hill rather fast and continued on across Lister Street and rammed plaintiff's car without ever reducing its speed. They were of the opinion that Brown never saw plaintiff's car until the moment before the impact, for the reason, they gave, that he never took his eyes off of them. They both testified that he was looking directly at them soon after he came over the hill, and continued to look at them after he had passed and almost up to the moment of the impact.

Brown denies that he ever saw the young ladies until after the accident. The best testimony regarding the skid marks corroborates the testimony of the two young ladies. The only skid marks found after the accident led to the rear wheels of the car driven by Brown. There were no skid marks leading to the wheels of plaintiff's car. The man whom Brown took to the scene soon after the accident, for the purpose of making a witness of him, testified that the skid marks extended from the rear wheels of the car of Brown, back a distance of some three to five feet.

Since plaintiff's car began coming to a stop before it reached Lister Street, and did not come to a full stop until after it had passed entirely over this street, which was of average width, and some one to two car lengths north of it, to our mind clearly shows it was brought to a gradual and not sudden stop; and the fact, as shown by the skid marks, that Brown did not apply his brakes until a moment before the impact, clearly indicates that he was not keeping the proper lookout ahead. If he had been keeping a proper lookout in front, and not to the side, he could have brought his car to a stop before running into plaintiff's car.

When plaintiff looked into his rear view mirror and did not see any other car on his side of the slight rise in the street, he was justified in bringing his car to a stop without giving any signal with his hand. A signal would have been useless since there was no one in the rear to signal.

We fail to find any negligence on the part of the plaintiff which contributed to the accident, and to our minds it is clear that Brown was not keeping a proper lookout ahead and his negligence in that respect was the sole cause of the accident.

The proof is conclusive that the cost of repairing plaintiff's car was $159.52 and he is entitled to recover that amount. The proof of damage for the loss of use of the car during the time it was being repaired is not certain enough to justify a judgment thereon.

It follows, therefore, that the judgment of the lower court rejecting plaintiff's demands is erroneous and is now reversed and there is judgment for plaintiff against all defendants in solido in the sum of $159.52, with legal interest thereon from judicial demand until paid.

The judgment rejecting the reconventional demands of defendant, Henry Vatter Garage, Inc., is affirmed.

All defendants are cast in solido for the costs of both courts.